UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARGARET THURBER,

                Plaintiff,          **DECISION AND ORDER**

       v.                           6:20-CV-06152 EAW

FINN ACADEMY: AN ELMIRA CHARTER
SCHOOL, and BOARD OF TRUSTEES OF
FINN ACADEMY: AN ELMIRA CHARTER
SCHOOL,

                Defendants.
_____

## INTRODUCTION

Plaintiff Margaret Thurber ("Plaintiff") commenced this action asserting various claims against Finn Academy: An Elmira Charter School (the "School"), the Board of Trustees of Finn Academy: An Elmira Charter School (the "Board"), and Marina Baker ("Baker") arising out of her former relationship with the School. (Dkt. 1). On March 11, 2021, this Court entered a Decision and Order granting in part a motion to dismiss filed by the School, the Board, and Baker. (Dkt. 10) (the "March 2021 Decision"). In particular, the Court dismissed all of Plaintiff's claims against Baker, all of her claims asserted under New York State law, her claim for wage violations under the Fair Labor Standards Act, and her federal claims for copyright and trademark infringement. (*Id*. at 20). Plaintiff was permitted to proceed on her First Amendment retaliation and deprivation of due process

claims against the Board and the School. (*Id.*). The Board and the School are hereinafter referred to collectively as "Defendants."

Currently before the Court is a motion by Plaintiff seeking: (1) reconsideration of the dismissal of her federal trademark infringement claim; and (2) leave to amend the complaint "to add causes of actions for federal trademark infringement, and unfair competition and false designation or origin, and New York State common law trademark infringement and unfair competition." (Dkt. 16-1 at ¶¶ 9-10). For the reasons that follow, the Court denies Plaintiff's request for reconsideration and grants in part and denies in part Plaintiff's request for leave to amend.

## **BACKGROUND**

The factual and procedural background of this action are set forth in detail in the March 2021 Decision, familiarity with which is assumed for purposes of the instant Decision and Order. The Court summarizes the salient factual and procedural developments since the date of the March 2021 Decision.

As discussed more fully below, in opposition to Defendants' motion to dismiss, Plaintiff conceded that her claimed trademark—"Finn Academy" (the "Mark")—was unregistered. (Dkt. 7 at 16-17; Dkt. 10 at 17). However, on May 13, 2020—the same day she filed her opposition to Defendants' motion to dismiss (*see* Dkt. 6)—Plaintiff applied to the Patent and Trademark Office ("PTO") for trademark registration (*see* Dkt. 16-5). As Defendants correctly note, Plaintiff represented in her trademark application that she was using the Mark in commerce as of the date of the application, despite the fact that she has

not been affiliated with the School since 2017.  (*See* Dkt. 1-1 at ¶ 45; Dkt. 19-1 at 6-8)[1].

Plaintiff made no mention in her response papers of her submission of an application for registration of the Mark.

The PTO registered the Mark on the principal register on December 8, 2020.  (Dkt. 16-5).  Defendants' motion to dismiss remained pending as of that date.  Plaintiff did not alert the Court or Defendants to her registration of the Mark at that time or at any time prior to the Court's issuance of the March 2021 Decision.

On April 6, 2021, Plaintiff served on the School and the Board a Notice of Claim for "common law trademark infringement and common law unfair competition."  (Dkt. 16-6).  Plaintiff filed the instant motion for reconsideration and leave to amend on April 8, 2021.  (Dkt. 16).  Defendants filed their opposition on April 30, 2021 (Dkt. 19), and Plaintiff filed her reply on May 14, 2021 (Dkt. 32).

## DISCUSSION

### I.  Motion for Reconsideration

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*,

---

[1]   "The Court may properly take judicial notice of official records of the United States Patent and Trademark Office and the United States Copyright Office."  *Telebrands Corp. v. Del Labs., Inc.*, 719 F. Supp. 2d 283, 287 n. 3 (S.D.N.Y. 2010).  Plaintiff's trademark application is part of the PTO's public record and thus the Court takes judicial notice of it. *See Rockland Exposition, Inc. v. All. of Auto. Serv. Providers of New Jersey*, 894 F. Supp. 2d 288, 301 n.6 (S.D.N.Y. 2012) (collecting cases).

70 F.3d 255, 257 (2d Cir. 1995). Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 17, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court. . . ." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Here, Plaintiff argues that reconsideration is warranted "in part based upon a legal error of the Court's analysis of 'distinctiveness' as that concept is applied to [the Mark] (Ex. C at pp 16-18); in part to remedy what would amount to manifest injustice if Plaintiff were not permitted to proceed to prosecute an on-going claim for infringement of a trademark she owns; and in part based upon facts that were not available at the time of the motion to dismiss: namely that the Plaintiff has become the owner of the trademark for which she seeks damages for past and current infringement in this action, which mark has been issued on the principal register of the United States Patent and Trademark Office[.]" (Dkt. 17 at 6). None of these arguments can bear scrutiny.

As to Plaintiff's contention that the Court committed legal error in its distinctiveness assessment, the only citation Plaintiff gives for that contention is the March 2021 Decision itself. However, Plaintiff's apparent disagreement with the Court's legal analysis is not a

basis for reconsideration. *See United States v. Seng*, No. S5 15-CR-706 (VSB), 2021 WL 961749, at *2 (S.D.N.Y. Mar. 15, 2021) ("A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.'") (quoting *AP v. United States DOD*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)).

Plaintiff also has not shown that new evidence warrants reconsideration. In this context, "'new evidence' is evidence that was unavailable to the movant when the Court made its previous ruling, and that could not have been found by due diligence." *Oak Forest Prod., Inc. v. Hiscock & Barclay, LLP*, 114 F. Supp. 3d 76, 78 (W.D.N.Y. 2015). Here, Plaintiff knew that she had registered the Mark months before the Court issued the March 2021 Decision yet did not apprise the Court or Defendants of that fact. Plaintiff thus caused the Court to expend time and resources analyzing her federal trademark claim based on her affirmative statement that the claimed mark was unregistered. Notably, Plaintiff has offered no explanation whatsoever in her papers for her failure to apprise the Court of the registration of the Mark in December 2020. On these facts, Plaintiff cannot establish that she is entitled to reconsideration on the basis of new evidence.

Finally, Plaintiff has not established that manifest injustice will result should the Court deny her motion for reconsideration. Plaintiff's only argument in this regard is that her trademark claim is viable. However, the Court has already concluded that the claim as it was pled in the complaint was not viable. Again, Plaintiff's disagreement with the Court's determination is not a valid basis to seek reconsideration. *See Ward v.*

*TheLadders.com, Inc.*, 3 F. Supp. 3d 151, 170 (S.D.N.Y. 2014) ("While the defendant disagrees with the Court's decision, that is not a basis for reconsideration.").

Accordingly, because Plaintiff has not demonstrated that any of the criteria warranting reconsideration are present here, her motion for reconsideration is denied.

## II. Motion for Leave to Amend

Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend] when justice so requires." Nevertheless, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* "[C]onsiderations of undue delay, bad faith, and prejudice to the opposing party are touchstones of a district court's discretionary authority to deny leave to amend." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (quotation and original alteration omitted); *see Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 553 (2010) ("[A] court may consider a movant's 'undue delay' or 'dilatory motive' in deciding whether to grant leave to amend under Rule 15(a)."). Further, "[a]lthough under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend complaints should be 'freely given,' leave to amend need not be granted where the proposed amendment is futile." *Murdaugh v. City of New York*, No. 10 CIV. 7218 HB, 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011); *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." (citation omitted)).

- 6 -

Here, Plaintiff seeks to file an amended complaint that: (1) omits the causes of action—other than for federal trademark infringement—previously dismissed by the Court; (2) amends the federal trademark infringement claim to assert, among other things, that the Mark is registered; and (3) adds claims for federal unfair competition and false designation of origin and for common law trademark infringement and unfair competition under New York law. (*See* Dkt. 16-7). Defendants oppose Plaintiff's motion for leave to amend, arguing that (1) Plaintiff's proposed claims are futile; and (2) Plaintiff engaged in undue delay in seeking leave to amend. The Court considers these arguments below.

### A.     Undue Delay

The Court considers first Defendants' argument that Plaintiff has unduly delayed in seeking leave to amend. In making this argument, Defendants rely primarily on Plaintiff's failure to disclose her registration of the Mark while their motion to dismiss was pending. The Court does not disagree that Plaintiff's failure in this regard is inexplicable—as noted above, Plaintiff could have obviated the need for additional motion practice simply by disclosing this obviously salient fact at the time she obtained the registration.

However, the Second Circuit has held that "absent a showing of bad faith or undue prejudice," delay—even unexplained—"does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). "In determining what constitutes 'prejudice,' [the Court] considers whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution

of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

Here, Defendants have argued prejudice based solely on having been "forced . . . to oppose a motion to amend and a motion for reconsideration based on a fact that could have readily been disclosed, addressed by the parties and considered by the Court during the pendency of [Defendants'] motion to dismiss." (Dkt. 19-3 at 26-27). However, litigation of the instant motion has not delayed the forward progress of this case, nor have Defendants demonstrated that the additional resources they have been required to expend were "significant." Further, while Defendants suggest that Plaintiff acted in bad faith, they have cited no facts beyond the delay itself to support that conclusion.

Again, the Court does not condone Plaintiff's failure to disclose her registration of the Mark at an earlier stage of this litigation—she could and plainly should have advised the Court and Defendants of the registration when it was issued. However, particularly in light of the fact that the deadline for filing motions for leave to amend in this case did not expire until September 30, 2021, the Court does not find that Plaintiff's delay warrants denial of her motion for leave to amend.

### B. Futility

The Court turns next to Defendants' contention that the proposed amended claims are futile. As noted above, "[a]n amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente*, 310 F.3d at 258 (citation omitted).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). To withstand dismissal, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

        1.    **<u>Federal Trademark Infringement and Unfair Competition Claims</u>**

As a threshold matter, the Court notes that its prior dismissal of Plaintiff's federal trademark infringement claim under Rule 12(b)(6) does not prevent it from granting leave

to reassert such a claim "if new facts have come into existence or have been alleged for the first time and it was the absence of these facts that made the first complaint defective." *Criales v. Am. Airlines, Inc.*, 105 F.3d 93, 97 (2d Cir. 1997). In her proposed amended complaint, unlike in the original complaint, Plaintiff asserts that the Mark is registered. Accordingly, the Court will assess whether this fact renders Plaintiff's federal trademark infringement claim viable.

To state a viable claim for trademark infringement under the Lanham Act, a plaintiff must allege that "(1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) 'in connection with the sale . . . or advertising of goods and services,' . . . (5) without the plaintiff's consent." *1–800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 407 (2d Cir. 2005) (internal citation omitted). As to the first of these requirements, "[t]o qualify for trademark registration, a mark must be either (1) inherently distinctive, where its intrinsic nature serves to identify its particular source; or (2) distinctive by virtue of having acquired a secondary meaning in the minds of consumers." *Van Praagh v. Gratton*, 993 F. Supp. 2d 293, 302 (E.D.N.Y. 2014) (quotations and alteration omitted).

In the March 2021 Decision, the Court noted that "Finn" in this context refers to the surname of the Mark Twain character Huckleberry Finn. (Dkt. 10 at 17). The Court explained that "[w]ords which are 'primarily merely a surname' may not be registered without proof of secondary meaning, proof that the mark has become distinctive of the applicant's goods.'" *Pirone v. MacMillan, Inc.*, 894 F.2d 579, 583 (2d Cir. 1990) (quoting 15 U.S.C. § 1052(e), (f)). Because Plaintiff had not plausibly alleged the Mark had become

distinctive of her goods or services, the Court dismissed Plaintiff's Lanham Act claim. (Dkt. 10 at 18).

As Plaintiff notes in her papers, the PTO has now registered the Mark on the principal register without requiring proof of secondary meaning. "A certificate of registration with the PTO is prima facie evidence that the mark is registered and valid (*i.e.*, protectible), that the registrant owns the mark, and that the registrant has the exclusive right to use the mark in commerce." *Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999). Further, "[r]egistration by the PTO without proof of secondary meaning creates the presumption that the mark is more than merely descriptive, and, thus, that the mark is inherently distinctive. As a result, when a plaintiff sues for infringement of its registered mark, the defendant bears the burden to rebut the presumption of [the] mark's protectability by a preponderance of the evidence." *Id*. (citations omitted).

Here, there are significant questions regarding Plaintiff's registration of the Mark. Among other things, Plaintiff represented to the PTO that she was using the Mark in commerce and that appears to be inconsistent with the factual background set forth in her complaint.² However, at this stage of the proceedings, the Court cannot say as a matter of

---

² Plaintiff also initially represented to the PTO that the Mark was in concurrent use by the School, which she described as a "related corporation of which [Plaintiff] is founder." (Dkt. 19-1). While Plaintiff subsequently deleted her concurrent use claim from her application, it does not appear that she ever clarified to the PTO that she has no current affiliation with the School. Nonetheless, Defendants have not—at least at this point in the proceedings—asked the Court to cancel Plaintiff's registration of the Mark, and they would in any event bear the burden of demonstrating that cancellation is warranted. *See MPC Franchise, LLC v. Tarntino*, 19 F. Supp. 3d 456, 478 (W.D.N.Y. 2014), *aff'd*, 826 F.3d 653 (2d Cir. 2016).

law that the presumption of protectability created by the PTO's issuance of a registration for the Mark has been rebutted. Accordingly, the basis for dismissal previously identified by the Court is addressed by Plaintiff's proposed amendments. The Court accordingly finds that Plaintiff's proposed amended Lanham Act trademark infringement claim is not futile.

However, the same is not true of Plaintiff's proposed Lanham Act unfair competition and false designation of origin claim. "[U]nfair competition and false designation of origin . . . [are] the same cause of action under Section 43(a)" of the Lanham Act, and require a plaintiff to show "(1) that it owns a mark deserving of protection, and (2) that the mark is used in such a way as to create a 'likelihood of confusion' as to the source or sponsorship of the defendant's goods or services." *Allied Interstate LLC v. Kimmel & Silverman P.C.*, No. 12 CIV. 4204 LTS SN, 2013 WL 4245987, at *5 (S.D.N.Y. Aug. 12, 2013) (quotations omitted). Importantly, the Supreme Court has explained that § 43(a) does not offer protection to "to the author of any idea, concept, or communication embodied in" goods or services, but instead applies only to the goods and services themselves. *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003). A holding to the contrary, the *Dastar* court explained, would create a "species of mutant copyright law[.]" *Id*. at 34. In other words, the Lanham Act does not create a cause of action for plagiarism. *Id*. at 36.

Here, Plaintiff's proposed Lanham Act false advertising and false designation of origin claim is stated entirely in conclusory terms. (*See* Dkt. 16-7 at ¶¶ 119-23). This alone renders it insufficient to survive a motion to dismiss. Moreover, to the extent the

Court can discern a factual basis for this claim from Plaintiff's briefing, it appears it is based on Defendants' alleged unauthorized use of the curriculum she developed. However, as the Court explained in the March 2021 Decision, "Defendants' purported unauthorized use of the curriculum developed by Plaintiff simply does not come within the scope of the Lanham Act." (Dkt. 10 at 18-19). Accordingly, Plaintiff's proposed Lanham Act false advertising and false designation of origin claim is futile.

### 2. State Trademark Infringement and Unfair Competition Claims

"It is well-established that the elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law mirror the Lanham Act claims." *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005). Accordingly, as to the substance of Plaintiff's proposed state law claims, the analysis set forth by the Court above applies—that is, the trademark infringement claim is adequately alleged, and the unfair competition claim is not.

However, Defendants have made two additional arguments as to Plaintiff's proposed state law claims—namely, that they are barred by the statute of limitations and by the doctrine of laches. The Court accordingly considers these arguments as to Plaintiff's proposed state law trademark infringement claim.

As the Court explained in the March 2021 Decision, New York Education Law ("Education Law") § 3813(1) "requires a plaintiff to file a notice of claim prior to commencement of an action against a school district and/or its employees within 90 days after the claim arises. . . . This requirement has been extended to charter schools." *Lawton v. Success Acad. Charter Sch., Inc.*, 323 F. Supp. 3d 353, 368 (E.D.N.Y. 2018). Further,

- 13 -

Education Law § 3813(2-b) establishes a one-year statute of limitations for claims against a school district and its employees. *See Bucalo v. E. Hampton Union Free Sch. Dist.*, 351 F. Supp. 2d 33, 36 (E.D.N.Y. 2005) ("[T[he notice of claim requirement in N.Y. Educ. Law 3813(1) and the one-year limit in 3813(2–b) clearly applies to all New York State actions or proceedings.").

Here, Plaintiff did not serve a notice of claim as to her proposed state law trademark infringement and unfair competition claims until April 6, 2021. (Dkt. 16-1 at ¶ 11). Plaintiff's notice of claims alleges that her "injuries and damages . . . were sustained . . . from in or about the 4th day of June, 2014, continuing every day thereafter up and through to the present day, each day being and constitution a separate and distinct and continuing violation and infringement." (Dkt. 16-6 at ¶ 2). Because Plaintiff concedes that the actions she complains of began in June 2014, nearly seven years before she served the notice of claim and sought leave to amend, the question the Court must resolve is whether the continuing tort doctrine—also sometimes called the continuing violations doctrine—applies. *See Mix v. Delaware and Hudson Ry. Co.*, 345 F.3d 82, 88 (2d Cir. 2003) (the continuing tort doctrine "provides that, in certain tort cases involving continuous or repeated injuries, the statute of limitations accrues upon the date of the last injury and that the plaintiff may recover for the entire period of the [tort], provided that an act contributing to the claim occurs within the filing period"); *Williams v. New York City Dep't of Educ.*, No. 19 CIV. 1353 (CM), 2019 WL 4393546, at *18 (S.D.N.Y. Aug. 28, 2019) ("the continuing violations doctrine is also an exception to Section 3813's notice of claim requirement").

It does not appear that either the Second Circuit or the New York Court of Appeals has ever opined on whether trademark infringement is a continuing tort. However, in 1984, the New York Appellate Division, First Department held that "trademark infringement and trademark dilution are continuing torts." *De Medici v. Lorenzo De Medici, Inc*., 101 A.D.2d 719, 720 (1st Dep't 1984) (quotation and alteration omitted). Several district courts in this Circuit have reached the same conclusion. *See, e.g., Mears v. Montgomery*, No. 02 CIV. 0407 (MHD), 2006 WL 1084347, at *12 (S.D.N.Y. Apr. 24, 2006), *aff'd*, 535 F. App'x 37 (2d Cir. 2013); *Greenlight Cap., Inc. v. GreenLight (Switzerland) S.A.*, No. 04 CIV. 3136 (HB), 2005 WL 13682, at *7 (S.D.N.Y. Jan. 3, 2005); *Fourth Toro Fam. Ltd. P'ship v. PV Bakery, Inc*., 88 F. Supp. 2d 188, 196 (S.D.N.Y. 2000); *Hester Indus., Inc. v. Tyson Foods, Inc*., No. 94-CV-391, 1995 WL 113939, at *5 (N.D.N.Y. Jan. 30, 1995).

Defendants cite *RVC Floor Decor, Ltd. v. Floor & Decor Outlets of Am., Inc*., No. 19-CV-04894 DRH ARL, 2020 WL 5709180 (E.D.N.Y. Sept. 24, 2020) for the proposition that trademark infringement is not a continuing tort. (*See* Dkt. 19-3 at 22). However, that is not what *RVC Floor* held. Instead, the *RVC Floor* court—which was tasked with deciding whether the plaintiff's claims were duplicative of claims asserted in an already pending action—concluded that it did not matter for purposes of that analysis whether trademark infringement was a continuing tort, because the continuing tort doctrine addresses the accrual of a cause of action and does not "allow[] for a literal new cause of action every day of infringement where the tort is continuous over a period of time." *Id*. at *6. *RVC Floor* thus offers no support for Defendants' position.

It is true, of course, that "[a]bsent a rule of decision formulated by the New York Court of Appeals," the Court is "not bound by the opinions issued by the state's lower courts," and should instead make its "best estimate as to how New York's highest court would rule in this case." *Calvin Klein Ltd. v. Trylon Trucking Corp.*, 892 F.2d 191, 195 (2d Cir. 1989) (quotation omitted). However, the Court "may look to lower court decisions for guidance on questions of state law[.]" *Cowen & Co. v. Tecnoconsult Holdings Ltd.*, No. 96 CIV. 3748 (BSJ), 1996 WL 391884, at *4 n.3 (S.D.N.Y. July 11, 1996). Here, the Court sees no reason to conclude that the New York Court of Appeals would disagree with the First Department's decision in *De Medici*. Accordingly, the Court finds that the continuing tort doctrine applies to Plaintiff's proposed state law trademark infringement claim and that it is accordingly not barred by Education Law §§ 3813(1) and 3813(2–b).[3]

The Court turns next to Defendants' laches argument. The doctrine of laches "is available to bar trademark-related claims where a plaintiff has unreasonably delayed in commencing an action to enforce its rights to the prejudice of the defendant." *Harley-Davidson, Inc. v. O'Connell*, 13 F. Supp. 2d 271, 279 (N.D.N.Y. 1998). To prove a laches defense, "a party must show that 1) plaintiff had knowledge of the infringing activity; 2)

---

[3] While the Court will not disallow Plaintiff's proposed state law trademark infringement claim in its entirety, the Court notes that as a general matter, "in the case of a continuing tort a plaintiff may 'recover only for injuries attributable to the part of the continuing tort that was committed within the limitations period immediately preceding the date on which suit is brought.'" *Gaudreau v. Am. Promotional Events, Inc.*, 511 F. Supp. 2d 152, 156-57 (D.D.C. 2007) (quoting *Jung v. Mundy, Holt & Mance, P. C.*, 372 F.3d 429, 433 (D.C. Cir. 2004) and applying rule to state law trademark infringement claims). While the parties have not briefed the issue and it is not ripe for the Court's determination at this time, it will need to be resolved at least before any trial of this matter.

plaintiff inexcusably delayed in taking action; and 3) defendants would be prejudiced if plaintiff belatedly asserted its rights." *Id*. Further, because it is an equitable defense, "laches may not be used to shield a party from the consequences of conduct it knows to be wrongful." *Id*. Accordingly, the party asserting a laches defense must have acted in good faith. *Id*.; *see also Aris-Isotoner Gloves, Inc. v. Berkshire Fashions, Inc*., 792 F. Supp. 969, 972 (S.D.N.Y. 1992) (finding laches defense barred by the defendant's unclean hands), *aff'd*, 983 F.2d 1048 (2d Cir. 1992).

Here, while Defendants may well ultimately prevail on a laches defense, the Court cannot reach that conclusion as a matter of law. In particular, issues of good faith are generally not amenable to resolution on the pleadings. The Court does not find Plaintiff's proposed state law trademark infringement claim futile on the basis of laches at this stage of the proceedings.

In sum, and for the reasons discussed above, the Court agrees with Defendants that Plaintiff's proposed Lanham Act and state law unfair competition claims are futile but finds that Plaintiff's proposed Lanham Act and state law trademark infringement claims are adequately pled to survive a motion to dismiss. The Court therefore denies Plaintiff's motion for leave to amend as to the former but grants it as to the latter.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's pending motion (Dkt. 16) is denied with respect to her request for reconsideration and granted in part and denied in part with respect to her request for leave to amend. Plaintiff may file an amended complaint that comports with this Decision and Order—that is, an amended complaint that omits the claims for

Lanham Act and state law unfair competition but is otherwise consistent with Plaintiff's proposed amended complaint—by no later than February 11, 2022.  Defendants shall answer the amended complaint within 14 days thereafter.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:	February 2, 2022
	Rochester, New York